# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: CHRISTINA F. JACKS,

       Debtor                  Case No.: 07-12220-m7

_____

ALBUQUERQUE AUTO OUTLET, LLC,

       Plaintiff,

v.                                Adversary No.: 07-1178-m

CHRISTINA F. JACKS,

       Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER came before the Court on the Motion for Summary Judgment ("Motion") filed by Defendant Christina F. Jacks, by and through her attorneys, Schimmel Law Office (Jason Neal). Defendant requests summary judgment on the Plaintiff's Complaint which seeks to determine the dischargeability of a pre-petition judgment under 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(2)(B). The judgment, in the amount of $11,784.19, is based on an underlying debt arising from Defendant's purchase of a vehicle from Plaintiff. Plaintiff, by and through its attorneys, Sanchez, Mowrer & Desiderio, PC. (Frederick M. Mowrer) opposes the motion, and asserts that Defendant made certain misrepresentations which ultimately harmed Plaintiff and as such the debt should be deemed non-dischargeable.

Upon review of the Motion and response in light of the applicable standards for summary judgment, the Court finds, that issues of material fact exist regarding Defendant's representations

1

and her intent.  Consequently, Defendant is not entitled to summary judgment as a matter of law under 11 U.S.C. §523(a)(2)(A).  The Court further finds that there is no statement in writing respecting the debtor's financial condition and therefore, Defendant is entitled to summary judgment under 11 U.S.C. §523 (a)(2)(B).  Accordingly, the Court will deny the Motion in part and grant the Motion in part.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  Rule56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P.  The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to judgment as a matter of law.[1]  In determining whether summary judgment should be granted, the Court must view the facts in the light most favorable to the party opposing summary judgment.[2]

## FACTS

The parties agree that on or about June 4, 2003 Defendant approached the Plaintiff for the purpose of purchasing an automobile for her personal use.  That same day, the Debtor executed a Retail Sales Agreement to purchase a 1997 Honda Accord.  On or about August 5, 2003, Defendant's daughter was operating the 1997 Honda Accord and was involved in an automobile

---

[1] *See Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.")

[2] *Harris v. Beneficial Oklahoma, Inc., (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 2007); *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .")

2

accident. The Defendant does not agree with Plaintiff's contentions that Plaintiff financed the vehicle based on Defendant's representations that: (1) the vehicle would be insured at all times; (2) Defendant would be the sole and exclusive driver of the 1997 Honda Accord; (3) the uninsured driver living in Debtor's household would not and could not gain access to the vehicle.

**DISCUSSION**

Debts obtained by false pretenses, a false representation, or actual fraud are not dischargeable under 11 U.S.C. §523(a)(2)(A) which provides:

> (a) A discharge under section 727...of this title does not discharge an individual debtor from any debt-
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

To recover under this statutory section, Plaintiff must establish the following the elements: (1) that the debtor knowingly committed actual fraud, made false representations or made false pretenses; (2) that the debtor intended to deceive the creditor; (3) that the creditor justifiably relied on the debtor's conduct; and (4) that the reliance proximately damaged the creditor.[3] Plaintiff must establish each element by a preponderance of the evidence.[4] Rarely is it appropriate to grant summary judgment on a claim for non-dischargeability based on 11 U.S.C. §523(a)(2)(A) because intent to defraud often depends on the credibility of

---

[3] *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1373 (10th Cir. 1996)(stating the required elements for non- dischargeability under 11 U.S.C. §523(a)(2)(A)).

[4] *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(establishing preponderance of the evidence standard of proof for dischargeability actions).

3

witnesses.[5]   Defendant cites to case law which finds that exception to discharge must be based on a knowing and fraudulent falsehood, describing past or current facts.[6]  A promise related to a future action is not sufficient.[7]  Defendant asserts that whatever representations Defendant may have made at the time she purchased the vehicle, there is no dispute that they related to future insurance coverage of the vehicle.   Defendant further asserts that Plaintiff fails to offer any evidence to show Defendant knew the representations were false.  Defendant claims that Plaintiff is unable to satisfy the requirement that the alleged falsehood must describe past or current facts.  However, a debtor's misrepresentation of his intentions may constitute a false representation within the meaning of the dischargeability provision if when the representation was made the debtor had no intention of performing as promised.[8]   In this instance, if Plaintiff can show Defendant's intent at the time of the transaction was to allow an uninsured household member to drive her car when she represented that she would be the only driver, Plaintiff could prevail.  Plaintiff and Defendant both fail to provide any evidence of her intent at the time of the transaction.   As such, there exists genuine issue of material fact and therefore, summary judgment is not appropriate under section 523(a)(2)(A).

---

[5] See *In re Baines*, 337 B.R. 392,400(Bankr.D.N.M.2006)("The issue of fraudulent intent, central to a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A) is a material issue which is not easily subject to adjudication by summary judgment.")(citing *In re Redden*, 234 B.R. 49, 51 (Bankr.D.Del.1999) (citations omitted)).

[6] See *Matter of Allison*, 960 F.2d 481, 483(5th Cir. 1992); See also *Matter of Bercier*, 934 F.2d 689, 692 (5th Cir.1991)

[7] *Id.*

[8] See *Matter of Allison*, 960 F.2d at 484; *Matter of Bercier*, 934 F.2d at 692 (a cause of action will exist where a defendant makes a promise of future action which at the time made, he had no intention of fulfilling.)

4

Defendant also argues that she is entitled to summary judgment on Plaintiff's claims under 11 U.S.C. §523(a)(2)(B). This provision of the bankruptcy code provides that an individual debtor is not discharged from a debt ". . . for money, property, . . ., to the extent obtained by use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition. . ."[9] The statute is clear that, 11 U.S.C. §523(a)(2)(B) only applies to a writing that constitutes a statement respecting debtor's financial condition.[10] The Tenth Circuit has adopted a narrow, or strict construction of the phrase "respecting debtor's financial condition."[11] Under this construction, only a communication that presents an overall picture of the debtor's financial condition, purports to state the debtor's overall net worth, or overall financial health constitutes a statement respecting the debtor's financial condition.[12] Plaintiff's contentions that the Defendant's representations made herein and supported by Defendant's proof of insurance was sufficient to satisfy the requirements of 11 U.S.C. §523(a)(2)(B) are misplaced. The written proof of insurance offered by Plaintiff is not a "statement respecting debtor's financial condition" because it is not an overall picture of the debtor's financial condition.[13] For these reasons, the Court finds that Defendant is entitled to summary judgment

---

[9] 11 USC §523(a)(2)(B)

[10] *In re Joelson*, 427 F.3d 700, 714 (C.A.10, 2005.)(citing *In re Chivers*, 275 B.R. 606 (Bankr.D.Utah 2002)

[11] *Id*

[12] *Id*

[13] *In re Chivers*, 275 B.R. 606, 615 (Bankr.D.Utah 2002) ) (limiting an actionable statement of financial condition to financial-type statements including balance sheets, income statements, statements of changes in financial position, or income and debt statements that provide what may be described as the debtor or insider's net worth.)

under 11 U.S.C. §523(a)(2)(B).

WHEREFORE, IT IS HEREBY ORDERED, THAT Defendants Motion for Summary Judgment as to Plaintiff's claim for non-dischargeability of debt under 11 U.S.C. §523 (a)(2)(A) is DENIED.

ORDERED FURTHER that Defendant's Motion for Summary Judgment at to Plaintiff's claim for non-dischargeability of debt under 11 U.S.C. §523 (a)(2)(B) is GRANTED.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Entered on Docket Date: July 29, 2008

Copy to:

Jason Neal
Schimmel Law Office
PO Box 8
Albuquerque, NM 87103
Attorney for Defendant

Frederick M. Mowrer
Sanchez, Mowrer & Desiderio, PC
115 8th Street SW
PO Box 1966
Albuquerque, NM 87103